STEUBEN COUNTY WINE CO. *v.* LEE.[1]

FRAUDULENT CONVEYANCES—CONSIDERATION—ANTECEDENT DEBT.
  A conveyance by a debtor to his daughter will not be sustained
  as against his creditors, on the ground that it was given in
  payment of an antecedent debt, where it appears that the
  title to the debtor's homestead was taken in the name of the
  daughter on its purchase by him, and is still held by her,
  affording ample security for her claim.

Appeal from Calhoun; Smith, J. Submitted June 5, 1901. Decided July 19, 1901.

Bill by the Steuben County Wine Company against Horace D. Lee, Ora E. Alton, and others in aid of execution. From a decree dismissing the bill, complainant appeals. Reversed.

*H. W. Cavanagh* and *M. H. Nichols,* for complainant.

*L. B. Tompkins,* for defendants.

HOOKER, J. Complainant, a judgment creditor of defendant Horace D. Lee, filed this bill in aid of execution to reach certain real estate previously conveyed by Horace D. Lee to his daughter, Ora E. Alton. On the part of the defense it is claimed that the premises were deeded to compensate Mrs. Alton for property that came to the father's hands from the estate of her mother's father, and which was due and owing to her by reason of her mother's decease. The other, defendants were incumbrancers by mortgages made by said Lee before said conveyance, upon a sufficient consideration.

There is testimony that Ezra Brown was the grandfather of Ora Alton, and about the year 1880 he died, leaving an estate of about $500 to his daughter, Ora Alton's mother. This came to the possession of Mr. Lee,

---

[1] Rehearing denied November 4, 1901.

Ora's father. His wife died a year or two later intestate, and her estate was divisible between him and his daughter. No administration was had, but he was at some time appointed guardian of Ora. There is a claim that he had received $400 from his wife's father many years ago, but we consider that stale. We are satisfied from this record that the conveyance was made to protect the property from creditors by Mr. Lee. Whether Ora Alton participated in this design may be a matter of greater doubt. She seems to have obtained title to the homestead, called the "La Dow" property, which he purchased, and it is still in her name, having been deeded to her when purchased, which ought to amply secure her.

We think the complainant is entitled to relief. The decree is reversed, and a decree will be entered in this court that the deed to the said Ora Alton be held void as against the complainant, and that the premises described therein are subject to the levy of said complainant's execution, subject to incumbrances held by other defendants, and that complainant recover its costs of both courts.

The other Justices concurred.