BEAN *v.* BERGMANN.

1. FRAUDULENT CONVEYANCES—FINDING THAT TRANSFERS LEFT JUDGMENT DEBTORS EXECUTION-PROOF—RECORD.
    In suit commenced by bill in aid of execution, finding of circuit judge that judgment debtors' transfers of six parcels of real estate effectively made them execution-proof *held,* sustained by record.

2. APPEAL AND ERROR—NONAPPEALING PARTIES—EQUITY—HEARING DE NOVO.

Parties to chancery case who fail to appeal from portions of decree of trial court adverse to them may not have decree modified in their favor notwithstanding Supreme Court hears case *de novo*.

3. FRAUDULENT CONVEYANCES—ANTECEDENT DEBT TO GRANTORS' NEPHEW—INADEQUACY OF CONSIDERATION.

In judgment creditor's suit to set aside conveyances of homestead farm and other property by judgment creditors which made them execution-proof, finding of trial court that only $3,500 and interest of an alleged debt to the grantee in the sum of upwards of $10,000 was *bona fide*, that $5,500 claimed to have been turned over by grantee's mother to her brother, defendant judgment debtor, while grantee was an infant, was not a *bona fide* debt, and that portion of debt which was *bona fide* was not an adequate consideration for all of the transfers *held*, sustained by record, when due weight is given testimony of the judgment debtor and the grantee's mother and evidence of the subsequent conveyances of the property which show that the conveyances to the judgment debtors' grantee did not effect payment of the alleged debt to such grantee.

4. SAME — EQUITY — HOMESTEADS — CONSIDERATION — ANTECEDENT DEBT.

Judgment debtors are left where they have placed themselves when, in an attempt to defraud creditors, they deeded their farm property, in part constituting a homestead, to their nephew in alleged consideration of his acceptance of same in satisfaction of an antecedent debt.

5. SAME—CONSIDERATION—SATISFACTION OF ANTECEDENT DEBT.

Where rights of creditors have intervened, consideration for property conveyed by the debtor must be fair and adequate, especially when the claimed consideration is the satisfaction of an antecedent debt.

6. SAME—SUBSEQUENT TRANSFEREEC OF TITLE—FINDING OF COURT.

On judgment creditors' bill in aid of execution to set aside conveyances by judgment debtors to their nephew and by latter to others, record *held*, not to warrant disturbance of decree of trial court that defendants other than judgment debtors and the nephew were not *bona fide* purchasers or mortgagee with rights superior to those of plaintiff.

Appeal from Van Buren; Warner (Glenn E.), J. Submitted January 11, 1940. (Docket No. 12, Calendar No. 40,592.) Decided March 15, 1940.

Bill in aid of execution by W. Worth Bean, Jr., receiver of Berrien County Bank, against Leo O. Bergmann and others. Decree for plaintiff. Defendants appeal. Affirmed.

*Charles W. Gore,* for plaintiff.

*Gray & Gray (Robert P. Small,* of counsel), for defendants.

NORTH, J. This is a bill in aid of execution filed by the receiver of the Berrien County Bank. Originally the suit was instituted against the defendants Bergmann and Wilisch, but later by stipulation the other defendants were added. The defendants have appealed from a decree entered in the circuit court granting the relief sought by plaintiff.

Since 1925 the defendants Bergmann had been indebted to the Berrien County Bank in varying amounts. By two deeds, one dated August 24, 1930, and the other August 15, 1932, the defendants Bergmann conveyed their one-half interest in four parcels of land located in Covert township, Van Buren county, to defendant Wilisch. On the earlier of these two dates Mr. and Mrs. Bergmann were indebted to the bank in the sum of $6,500. This indebtedness continued, and on March 6, 1936, the bank took judgment for the amount of $7,205.05 and $45.60 costs. Execution was issued and returned unsatisfied, and thereafter on June 16, 1936, this bill in aid of execution was filed.

It is plaintiff's theory that the conveyances above noted and others hereinafter considered were with-

out adequate consideration and made to hinder, delay and defraud the creditors of defendants Bergmann, and for the purpose and with the intent "of defrauding the plaintiff out of his just dues and demands." On the same date that the deed first above mentioned was executed (August 24, 1930), defendants Bergmann also conveyed to Wilisch two parcels of land in Berrien county, being the home farm property of the grantors. The record sustains the finding of the circuit judge that: "The transfer of the six parcels quite effectively made Bergmann and wife execution-proof."

As bearing upon the *bona fides* of these conveyances to defendant Theodore Wilisch the following facts may be noted. He was a nephew of Mr. Bergmann, being the son of Bergmann's sister. Wilisch's father died when the son was a few months more than a year old. There was testimony it was the father's desire that the mother should place their child in custody of Mr. and Mrs. Bergmann to rear and that the mother should give her brother, Leo O. Bergmann, $5,500 "in his care until Theodore is of age." Shortly after his father's death Wilisch was brought from his home in Newark, New Jersey, by Mrs. Bergmann and thereafter he remained with Mr. and Mrs. Bergmann in their home here in Michigan until he was 14 years of age. Theodore then returned to his mother in Newark, New Jersey, learned and followed the carpenter's and builder's trade and continued to live with his mother until his marriage in June, 1935. He had attained his majority October 8, 1929. While there was no written evidence or memorandum of any character of the transaction, it is claimed by defendants that the mother of Theodore about 1913 turned over to her brother, Leo O. Bergmann, $5,500 which he agreed to account for to Theodore when he became

of age. Nothing of any definite character was thereafter said or done concerning this money in the possession of Bergmann until sometime in the summer of 1930. Theodore was visiting at the home of the Bergmanns at that time and the claim is made by the defendants it was then agreed that Bergmann owed Wilisch a little better than $10,000; and in settlement thereof the conveyances of land hereinbefore noted were made.

As a part of the $10,000 indebtedness the defendants claim that shortly prior to becoming of age Theodore loaned Mr. Bergmann the following amounts: $1,800 at Christmas time, 1927; $400 during the summer of 1928; $1,000 at Christmas time, 1928; and $350 during the summer of 1929. The circuit judge found (and no appeal was taken from his determination, *Spencer* v. *Miller,* 279 Mich. 194) that the fact of making these loans was established and that Mr. Bergmann was indebted to his nephew therefor with interest from the dates of the respective loans at the time the property was conveyed, August 24, 1930.

In holding against defendants' claim concerning the $5,500, the circuit judge made the following comment in his opinion:

"No books were kept; no note was given; no record was made showing the loan by Mrs. Wilisch, or its receipt and expenditures of the fund by Bergmann; no interest was paid; no accounting was had between the parties and no demand was made, and no account stated was ever arrived at until the summer of 1930. Little credence is given the testimony of Leo O. Bergmann, because, to obtain credit from the bank, he made financial statements in which he did not show any indebtedness to Ted. In weighing the testimony of Miranda H. Wilisch (Theodore's mother), consideration has been given the fact that it was grossly negligent and reckless to loan

the money of an infant of tender years, without obtaining some evidence showing the indebtedness. The alleged debt is so aged and stale, action to recover would have been barred many years ago had not the limitations of the statute been suspended because of the infancy of Ted. 3 Comp. Laws 1929, §§ 13976–13978 (Stat. Ann. §§ 27.605–27.607). Conceding loans among relatives sometimes are made in informal fashion, considering all the facts and surrounding circumstances, the claim that this sum was advanced is so inconsistent and so far outside the ordinary run of human experience, it is concluded the record does not sustain the contention that Bergman was indebted to Ted in the sum of $5,500 and interest.''

Our review of the record leads to the conclusion that the circuit judge was correct in his determination of this controverted issue not only for the reasons embodied in his opinion but perhaps more particularly because of the manner in which the Van Buren county properties, as hereinafter noted, were conveyed to other parties and which was entirely inconsistent with the ultimate accomplishment of the purpose for which the defendants claim Bergmann and his wife made their conveyances to their nephew, Theodore Wilisch.

That the ultimate disposition of the Van Buren county properties was not consistent with defendants' theory as to the purpose for which the Bergmanns conveyed these properties to Wilisch is almost a necessary inference from the following facts. Wilisch gave a deed of these properties on June 7, 1935, to Helen R. Morse, trustee, of St. Joseph, Michigan. At this time Wilisch lived in Newark, New Jersey. Defendants claim this deed to Helen Morse was given to avoid the difficulty and delay of securing transfers of title to parcels or

portions of these lands for which one Downey, who held an option or sales contract, might find purchasers. Notwithstanding this alleged purpose of the conveyance, Helen Morse on June 2, 1936, conveyed the title which she held in trust to defendant Luman H. Gray; and thereupon Gray mortgaged the property to defendant Joseph J. Bachunas for $8,400. Out of this mortgage loan, $8,000 was used to pay the Farmers' & Merchants' Bank of Benton Harbor an $8,000 obligation of the father of Luman H. Gray. On the same day of the conveyance by which Helen Morse divested herself as trustee of title, through an arrangement made by Mr. Gray and Mr. Bergmann (who claims to have been acting for Wilisch), Wilisch's one-half interest in the Van Buren county properties was sold to defendant Downey on a land contract for $3,000, down payment of $1,000 and balance in monthly payments of $250. The $1,000 down payment on the Downey contract was received by defendant Leo Bergmann. Even if defendants' claim be accepted that Bergmann received this $1,000 for Wilisch, still the result of all of these and other transactions involving the Van Buren county parcels is that so far as appears of record or so far as may be concluded from the testimony in this case Wilisch has no further interest of record whatever in the Van Buren county properties. Thus title to these properties had wholly passed from Wilisch and the purpose for which defendants claim these properties were conveyed to him (i. e., payment of the Bergmann debt) was not accomplished. Even the $1,000 received on the Downey contract went to Bergmann, and assuming it belonged to Wilisch, the transaction did not decrease or satisfy the indebtedness due from Bergmann to Wilisch. The character of the noted transactions is persuasive of the correctness of the

conclusion of the trial judge. The amount of the Bergmanns' indebtedness to Wilisch which the trial judge found was *bona fide* is shown by this record not to have been an adequate consideration for the conveyances of all of the Bergmann properties to Wilisch. It is a fair inference from the record that the value of the farm property in Berrien county conveyed to Wilisch exceeds the amount of valid indebtedness due to him from Bergmann.

Notwithstanding defendants' contention to the contrary, we think there is no inequity in leaving the Bergmanns where, in an attempt to defraud creditors, they placed themselves by deeding their farm property, in part constituting a homestead, to their nephew. *Steuben County Wine Co.* v. *Lee,* 127 Mich. 698. Many times we have held, in cases where rights of creditors have intervened, consideration for property conveyed by the debtor must be fair and adequate; especially is this true when the claimed consideration is the satisfaction of an antecedent debt. *Rindge* v. *Grow,* 99 Mich. 482; *Hartford Accident & Indemnity Co.* v. *Jirasek,* 254 Mich. 131; *Spencer* v. *Miller,* supra.

In so far as the rights of defendants other than the Bergmanns and Wilisch are concerned, we find no occasion for altering or reversing the decree of the circuit judge who expressly found that these other defendants "were not *bona fide* purchasers or mortgagee." In this particular it may be noted as to defendants Morse and Gray that they gave no consideration for the transfer of title to them; as to defendant Downey the record discloses the $1,000 down payment on the land contract in which he was vendee was made with money advanced by defendant Gray, and the trial judge properly found Downey had not parted with a valuable consideration and was not without notice; and finally, as to

defendant Bachunas, the respective litigants have signed and filed a stipulation in which it is agreed that this mortgagee has no rights in the property which should be given priority over those of the plaintiff.

The decree entered in the circuit court is affirmed, with costs to appellee.

Bushnell, C. J., and Sharpe, Potter, Chandler, McAllister, Wiest, and Butzel, JJ., concurred.